**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RE: HABEAS PETITIONS**
**FILED PURSUANT TO 28 U.S.C. 2241**
**BY PERSONS DETAINED BY U.S.**
**IMMIGRATION AND CUSTOMS**
**ENFORCEMENT (ICE)**

**STANDING ORDER**

---

**AMENDED STANDING ORDER**

Pursuant to the Court's General Order 2026-11 the Clerk of Court shall file this Standing Order in CM/ECF in every habeas corpus case brought pursuant 28 U.S.C. §2241 by a person in ICE detention.

The Court has examined the Petition pursuant to Rule 4 of the rules governing petitions for writ of habeas corpus ("Rules"), which the Court herein applies pursuant to Rule 1(b), and finds that the petition is not frivolous or otherwise appropriate for summary dismissal. Accordingly, the respondent(s) shall show cause why the writ should not be granted. 28 U.S.C. §2243

**Service**

IT IS ORDERED that the Clerk of Court serve, by certified mail or other means which provides tracking and delivery confirmation, copies of the Petition (Rec. Doc. 1) and this Order on the United States through the U.S. Attorney for the Middle District of Louisiana; the United States through the United States Attorney General; DHS/ICE Office of General Counsel; and the Warden of the Angola Camp 57 immigration detention center. Service upon the United States Attorney for the Middle District of Louisiana shall constitute sufficient service on the United States government respondents under Rule 4 of the Federal Rules of Civil Procedure.

**Appointment of Counsel**

Pursuant to the relevant parts of 18 U.S.C. § 3006A(a)(2)(B), the pro se petitioner may be eligible for the appointment of counsel. The Court has provisionally appointed the Federal Public Defender for the Middle District of Louisiana (FPD) to assist pro se filers detained in immigration custody in this District of habeas corpus petitions filed under 28 U.S.C. § 2241. See General Order 2026-11

**Representation and Financial Need**

An attorney from the Office of the Federal Public Defender is hereby authorized to contact any pro se petitioner following the issuance of this Order, for the purpose of assisting the pro se petitioner in demonstrating financial need, magistrate judge jurisdiction where appropriate, and to engage or reject representation by the FPD.

The Government and all respondents are hereby ORDERED to provide FPD attorneys with the means and methods to communicate confidentially with the petitioner.

If financial need is demonstrated and the FPD is engaged by the petitioner, the FPD shall enter an appearance, and all filing fees shall be waived.

**Scheduling Order**

Because of the volume of habeas petitions by ICE detainees, the Court finds good cause for extending the statutory time[1] set forth in 28 U.S.C. §2243 for the respondents to show cause why the writ should not be granted.

Accordingly, except when a case specific scheduling order is or has been entered, the following schedule shall apply:

---

[1] "within three days unless for good cause additional time, not to exceed twenty days, is allowed." 28 U.S.C. § 2243.

**IT IS ORDERED** that the respondent shall file a response to the petition together with a memorandum of legal authorities within **fourteen (14) days** of service of this Order.

**IT IS FURTHER ORDERED** that within **fourteen (14) days** of service of this Order the respondents shall file in the record on CM/ECF the petitioners complete A-File, all written transcripts of immigration court proceedings, and all written evidence of a deportation plan or procurement of travel documents. Due to the sometimes-sensitive nature of immigration proceedings, the personal information contained in A-Files, and the need to conserve judicial resources, the government is hereby granted Leave to file the foregoing documents under seal which shall be accompanied by a Notice of Filing Under Seal setting forth the grounds warranting filing under seal. Where personal or confidential information can be protected by redaction, the respondents are ORDERED to file redacted documents in lieu of filing under seal. The petitioner may object to the filing of any documents under seal.

IT IS FURTHER ORDERED that in their respective filings the parties state whether an evidentiary hearing is sought or whether the matter is submitted on the record.

**IT IS FURTHER ORDERED** that Petitioner shall have **fourteen (14) days** after respondent files its response to file a reply brief and any evidence to support the habeas petition. If Petitioner files nothing within these 14 days, the Court will consider the case record complete.

Upon the expiration of the delays set forth in this Scheduling Order, and any extensions thereof, the matter will be considered fully briefed and the Court will set a date and time for an evidentiary hearing if necessary. For the same reasons cited above, the Court finds good cause for extending the time for hearing date set forth in 28 U.S.C. §2243.[2] If no hearing is needed, the Court will issue a written ruling without further notice.

[2] "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed". 28 U.S.C. §2243.

**Restriction on Transfer**

Pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651

**IT IS ORDERED** that the Government and all respondents be and are hereby prohibited from transferring the petitioner from the detention facility in which the petitioner is held at the time of filing and prohibited from removing the petitioner from the Middle District of Louisiana, until the Court has ruled.

**IT IS FURTHER ORDERED** that the Government and the respondents shall provide counsel for the petitioner 24 hours advance written notice before releasing the petitioner from ICE custody.

Signed in Baton Rouge, Louisiana on April 30, 2026.

**FOR THE EN BANC COURT:**

SHELLY D. DICK, CHIEF JUDGE
MIDDLE DISTRICT OF LOUISIANA